IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FISHER-ROSEMOUNT SYSTEMS, INC.** | |
| **Plaintiff** | |
| v. | CIVIL ACTION NO.: 1:07-CV-00959-LY |
| **ROCKWELL AUTOMATION PAVILION, INC.** | JURY DEMANDED |
| **Defendant** | |

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issued the following scheduling order.

IT IS ORDERED THAT:

1. On **June 6, 2008**, Plaintiff provided an initial disclosure of asserted claims and infringement contentions, which will include: (i) each claim of each patent that the Plaintiff believes, in good faith, will be asserted against the Defendant in this action; (ii) for each identified claim, an identification of each accused apparatus, product, device, process, method, act, or instrumentality ("Accused Products") of the Defendant that the Plaintiff believes, in good faith, infringes; and (iii) a chart identifying specifically where each element of each identified claim is found within each Accused Product. Plaintiff has the right to supplement and amend its initial disclosure of asserted claims and infringement contentions.

2. Beginning **June 30, 2008**, the parties may serve limited discovery in the form of interrogatories, document requests, and requests for admission concerning the issues relevant to the *Markman* hearing. The discovery should be focused and limited to matters that the parties

believe, in good faith, are necessary for a full and fair presentation of the issues to be addressed at the *Markman* hearing. To the extent that a party believes that any requested discovery goes beyond the discovery reasonably needed to identify and/or present the issues to be addressed at the *Markman* hearing, that party shall first try to resolve the issue through discussions with the opposing party. In the event that such discussions are not able to resolve the issue, the party may seek a Protective Order prohibiting, limiting, or placing conditions on the requested discovery.

3. On or before **July 18, 2008**, Defendant shall provide initial invalidity contentions, which will include: (i) the identity of each item of prior art that it believes in good faith allegedly anticipates each asserted claim or renders it obvious; (ii) a statement as to whether each item of identified prior art anticipates each identified claim or renders it obvious; (iii) a chart identifying where specifically in each item of identified prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (iv) any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims. Defendant has the right to supplement and amend its initial invalidity contentions.

4. The purpose of the initial disclosures set forth in Paragraphs 1 and 3 is to allow the parties to identify the claim construction issues that may exist in this matter so that the parties and the Court can engage in a meaningful construction of the limitations at issue in a *Markman* hearing to be held accordance with the Supreme Court's opinion in *Markman v. Westview*, 517 U.S. 370, 372 (1996) (claim construction is an issue for the Court).

5. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **August 1, 2008.**

6. The parties shall file all amended or supplemental pleadings and shall join additional parties on or before **August 1, 2008**.

7. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **August 1, 2008**, and each opposing party shall respond, in writing, on or before **September 1, 2008**. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

8. On **October 1, 2008**, all parties may begin taking depositions concerning the issues believed, in good faith, to be relevant to the *Markman* hearing.

9. The parties shall work together to timely identify to each other any witnesses that will be called to testify at the *Markman* hearing and to arrange for the depositions of such witnesses, if desired by the party not calling such witness, prior to the hearing.

10. On or before **October 20, 2008**, the parties shall meet and confer in an attempt to identify those claim terms in the patent-in-suit that will require construction by the Court.

11. On or before **November 10, 2008**, each side shall file opening claim construction brief, which shall not exceed **twenty (20) pages in length.**

12. On or before **November 21, 2008**, each side shall file response briefs on claim construction, which shall not exceed **twenty (20) pages in length.**

13. This case is set for a technical tutorial hearing on **Monday, November 24, 2008, at 9:00 a.m.** in Courtroom 1, on the Second Floor of the United States Courthouse, 200 West Eighth Street, Austin, Texas. The parties should be prepared to explain the technical background

of the patents, the problems the patent addresses, and how the patent performs to resolve these problems.

14.     On or before **December 3, 2008**, each side shall file reply brief on claim construction, which shall not exceed **ten (10) pages in length.**

15.     On or before **December 8, 2008**, the parties shall meet, confer, and attempt to reduce the number of issues for the *Markman* hearing, and shall exchange any exhibits intended to be relied upon for the hearing.  Also no later than **December 10, 2008**, the parties shall jointly: (1) file an agreed claim construction chart that identifies the claim terms on which there is no dispute among the parties and provides the construction of each agreed term for which construction is deemed necessary; and (2) file a second claim construction chart that identifies each of the disputed claim terms along with the parties' proposed construction of each term.  No citations to evidence or legal authorities should be included as part of either of these two charts.

16.     This case is set for *Markman* Hearing on **Wednesday, December 17, 2008, at 9:00 a.m.** in Courtroom 1, on the Second Floor of the United States Courthouse, 200 West Eighth Street, Austin, Texas.

17.     The Court will enter a supplemental scheduling order that sets the trial date and other relevant dates after it enters its *Markman* order.

SIGNED this the 13th day of June 2008.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

HOU 0021965.00014: 1257350v5

_____  _____
On behalf of Fisher-Rosemount Systems, Inc.   On behalf of Rockwell Automation, Inc.

Robert J. McAughan, Jr.
Texas State Bar No. 00786096
Bruce J. Cannon
Texas State Bar No. 24055258
LOCKE LORD BISSELL & LIDDELL
600 Travis Street, Suite 3400
Houston, TX 77002-3095
Telephone: 713-226-1200
Facsimile: 713-223-3717

John K. Schwartz
Texas State Bar No. 17865325
LOCKE LORD BISSELL & LIDDELL
100 Congress, Suite 300
Austin, TX 78701
Telephone: 512-305-4700
Facsimile: 512-305-4800

Joseph R. Knight
Texas State Bar No. 11601275
Stacy Rogers Sharp
Texas State Bar No. 24052109
BAKER BOTTS L.L.P.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701-4287
Telephone: 512-322-2500
Facsimile: 512-322-2501

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record via email and certified mail on this 12th day of June 2008.

Joseph R. Knight
Stacy Rogers Sharp
BAKER BOTTS L.L.P.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701-4287
Telephone: 512-322-2500
Facsimile: 512-322-2501

By: _____
BRUCE J. CANNON

5